```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21911-CIV-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE
```

HARRY R. CAMPBELL,            :

    Plaintiff,               :

v.                            :         PRELIMINARY REPORT
                                                       MAGISTRATE JUDGE
FCI MIAMI, et al              :              (de#14)

    Defendants.              :
_____

## I. Introduction

    Harry R. Campbell filed a _pro se_ civil rights complaint pursuant to _Bivens_, while confined in the Federal Correctional Center in Miami Florida. He is proceeding _in forma pauperis_.

    The plaintiff alleged that, while confined in the Federal Correctional Institution in Miami, he was hit in the face by case manager J. Acosta. He also named Drs. Ginart and Smith. Although he included inmate requests sent to the doctors, they were not discussed in the plaintiff's complaint, and therefore the complaint was insufficient as to these defendants. (DE#1)

    In light of the plaintiff's _pro-se_ status, the plaintiff was given an opportunity to amend his complaint. He filed a one page complaint, stating that Drs. Ginart and Smith denied him medical treatment for his injured jaw (DE#11). The amended complaint was so brief it was impossible to tell if the plaintiff requested sick call and both doctors refused to see him, or if, upon seeing him, they refused him medical attention. He was permitted one further opportunity to amend.

This civil action is before the Court for an initial screening of the amended complaint (DE#14) pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted

is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for

3

relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B.  Analysis of Sufficiency of Complaint

The plaintiff alleges that while in a fight with another inmate, he was hit in the face with a "walkie talkie" radio by Case Manager J. Acosta in May of 2009, resulting in swelling, loss of teeth and pain and suffering. He states that he was placed in disciplinary confinement as a result.

The plaintiff's complaint, although sparsely worded, has minimally stated a cognizable claim of excessive force against Defendant Acosta. An allegation of an unjustified, brutal use of force against an inmate by a guard states a claim under §1983.[2] Perry v Thompson, 786 F.2d 1093 (11 Cir. 1986)

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] A complaint filed pursuant to Bivens v Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) is the federal equivalent of a §1983 action.

The plaintiff further alleges that he was denied adequate medical treatment by Defendant Dentist Smith and Dr. Ginart. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligot, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Medical treatment that is delayed is a violation as well. McElligott v Foley, 182 F.3d 1248 (11 Cir. 1999).

Campbell contends that Defendant Dentist Smith took an X-ray following the incident in May of 2009. He was then sent to the "SHU". Days passed while he was in pain, without being seen by a doctor or prescribed medication. He was seen by Smith in August

5

2009. He claims Smith became verbally abusive when he tried to talk to him, and told him to get away from him.

He further contends that Dr. Ginart was on call at the time of his injury and told him he could not help him until he came out of the "SHU". Campbell states the doctor provided him with some pain medication. He claims he continually asked for help, but was only provided more pain medication. He states he was unable to eat solid food due to swelling in his mouth and broken teeth. The plaintiff has stated that he was in pain for long periods of time and little was done to help him. At this preliminary stage he has sufficiently stated a claim of denial of medical treatment.

### III. Recommendation

1. The case shall proceed against J. Acosta for use of excessive force.

2. The case shall proceed against Drs. Smith and Ginart for denial of adequate medical treatment.

Objections to this Report may be filed with the District Judge within fourteen days following receipt.

Dated at Miami, Florida, this 16th day of November, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Harry R. Campbell, Pro se
      Reg #78296-004
      Reeves County Detention Center
      Pecos, Texas
      Address of record